BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-6475
      FAX: (415) 436-7234
      wendy.garbers@usdoj.gov

Attorneys for MEGAN J. BRENNAN,
Postmaster General

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KIAN R. McCARTHY, | No. 15-cv-03308 JSC |
|     Plaintiff, | |
|   v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| MEGAN J. BRENNAN, Postmaster General, | |
|     Defendant. | Date: February 25, 2016 |
| | Time: 9:00 a.m. |
| | Honorable Jacqueline Scott Corley |

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF PRO SE:**

    PLEASE TAKE NOTICE that on February 25, 2016, at 9:00 a.m., or soon thereafter as the

matter may be heard, in Courtroom F, 15th Floor, of the United States District Court for the Northern

District of California, located at 450 Golden Gate Avenue, San Francisco, California, before the

Honorable Jacqueline Scott Corley, the Postmaster General shall and hereby does move to dismiss

plaintiff's complaint, filed herein on July 16, 2015, and each and every cause of action therein.

    The Postmaster General seeks to dismiss the complaint on the grounds of failure to state a claim,

pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion is based on the Memorandum of

1  Points and Authorities submitted herewith, the pleadings, records and files in this action, and such other

2  written or oral argument as may be presented at or before the time this Motion is taken under submission

3  by the Court.

### ISSUES TO BE DECIDED
#### (Local Rule 7-4(A)(3))

6     1.  Where plaintiff fails to make any factual allegations supporting the claim that he was subject

7  to race and sex discrimination, should his claim under Title VII of the Civil Rights Act of 1964 be

8  dismissed?

9     2.  Should plaintiff's Americans with Disabilities Act claim against the United States Postal

10  Service be dismissed in light of the fact that federal employers are not covered by the Americans with

11  Disabilities Act?

12     3.  Should plaintiff's claim for disparate treatment disability discrimination under the

13  Rehabilitation Act of 1973 be dismissed where he does not identify the relevant disability, does not

14  allege that he was a "qualified individual" who could perform his essential job functions with or without

15  an accommodation, and his complaint lacks any factual allegations suggesting that he was treated

16  disparately because of his disability?

17     4.  Should plaintiff's claim for failure to accommodate under the Rehabilitation Act of 1973 be

18  dismissed where he does not allege that he requested a reasonable accommodation from his employer

19  and does he identify what reasonable accommodation should have been provided?

20     5.  Should plaintiff's claim for retaliation be dismissed where he fails to allege that he engaged in

21  prior protected activity or facts sufficient to demonstrate the plausibility of the claim he was terminated

22  in retaliation for his prior protected activity?

### MEMORANDUM OF POINTS AND AUTHORITIES

24     Plaintiff was terminated from his position as a mail carrier for the United States Postal Service

25  ("USPS") for unsatisfactory performance and improper conduct.  (ECF 1 at 29.)  The December 8, 2010

26  Notice of Removal plaintiff received cited his "continuous usage of unauthorized overtime and two

27  incidents in which [he] drove his Postal vehicle at a high rate of speed."  (*Id.*)  It also "noted that local

28  police has spoken to [plaintiff] and management on several occasions concerning [plaintiff's] failure to

drive in a safe manner."  (*Id.*)  USPS management "had received numerous statements from Postal employees, local police officers, and information from customers about [plaintiff's] dangerous and reckless driving."  (*Id.*).

On September 2, 2010, three months before the Notice of Removal was issued, plaintiff was directed to report for a Fitness for Duty Examination ("FFDE").  (ECF 1 at 4.)  Plaintiff's supervisor identified four reasons for sending plaintiff for a FFDE:  "1) [plaintiff] reported to work with globs of cream layered on his face and left to deliver his route that way; 2) [plaintiff] reported to work with enough cotton sticking out of his ears to bandage a gunshot wound and left to deliver his route that way; 3) plaintiff had a road rage incident in the parking lot and almost lost control of his car one evening; and 4) [plaintiff] had another road rage incident in the parking lot one morning."  (ECF 1 at 28.)  Plaintiff's supervisor also noted that he had "delivered his route covered in blood and his Postal vehicle has blood stains on the inside roof."  (*Id.*)  Additionally, other "[c]arriers reported that [plaintiff] delivered mail in a rage, constantly jamming mail unnecessarily into mailboxes to the point that he cut his hands up."  (ECF 1 at 29.)  After undergoing the examination, the doctor found plaintiff fit for duty.  No adverse employment action was taken against plaintiff as a result of the FFDE.  (*Id.*)

On December 14, 2010, after receiving the Notice of Removal, plaintiff filed a formal EEO complaint, alleging that the USPS discriminated against him on the bases of race (Caucasian), sex (male), disability, age (56), and in reprisal for prior protected EEO activity when:  (1) on September 2, 2010, he was instructed to report for a FFDE, and (2) on December 8, 2010, he was issued a Notice of Removal.  (ECF 1 at 29.)  Plaintiff requested a hearing before an Equal Employment Opportunity Administrative Judge.  (*Id.*)  The Administrative Judge assigned to the case granted summary judgment in favor of the USPS on July 29, 2013.  (*Id.*)  Plaintiff appealed to the Equal Employment Opportunity Commission, which affirmed the Administrative Judge's order by decision dated April 15, 2015.  (ECF 1 at 28-35.)

Plaintiff filed the instant action on July 16, 2015 (but did not serve defendant for many months thereafter).  Plaintiff's complaint purports to bring causes of action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973.  (ECF 1 at 4.)  The complaint notes the two bases for his formal EEO complaint (the FFDE and Notice of

Removal), but indicates that this lawsuit is not based on the FFDE.  (ECF 1 at 4.)  Instead, plaintiff indicates that he is "filing this action against the U.S. Postal Service . . . . due to point #2 (that fact that [he] was issued a Notice of Removal from the U.S. Postal Service on December 8, 2010 and thus was fired from [his] job)."  (*Id.*)

Plaintiff's complaint fails to state a claim.  First, it lacks ***any*** factual allegations suggesting he was subject to race or sex discrimination; thus plaintiff's Title VII claim is not plausible.  Second, the ADA does not apply to federal employees.  Third, plaintiff's claim under the Rehabilitation Act for disparate treatment disability discrimination is flawed on many grounds, including plaintiff's failure identify the relevant disability, to allege that he was a "qualified individual" who could perform his essential job functions with or without an accommodation, and to allege that he was treated disparately because of his disability.  Fourth, plaintiff fails to state a failure to accommodate Rehabilitation Act claim.  He does not allege that he requested a reasonable accommodation from his employer, nor does he specify what a reasonable accommodation would be.  Finally, plaintiff fails to state a claim for retaliation.  He does not allege that he engaged in any prior protected activity.  Nor does he allege facts sufficient to demonstrate the plausibility of the claim that his termination and the prior protected activity are causally linked.  Accordingly, plaintiff's complaint should be dismissed in its entirety.

### LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), make it clear that conclusory allegations are no longer sufficient to withstand a challenge under Rule 12(b)(6).  To survive a motion to dismiss, a complaint must plead ***facts*** sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim has "facial plausibility" only if the complaint pleads facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678.  While the Court must treat all factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. 678.

1     The *Iqbal* and *Twombly* decisions are motivated by the recognition that defending oneself in

2  litigation is expensive, even where one's defense is meritorious.  "Litigation, though necessary to ensure

3  that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable

4  time and resources that might otherwise be directed to the proper execution of the work of the

5  Government."  *Iqbal*, 556 U.S. at 685.  It is not fair to "unlock the doors of discovery for a plaintiff

6  armed with nothing more than conclusions."  556 U.S. at 678-79.

7     In light of *Twombly* and *Iqbal*, the Ninth Circuit has articulated a two-part test that the plaintiff

8  must pass to survive a motion to dismiss.

9     > First, to be entitled to the presumption of truth, allegations in a complaint
     > or counterclaim may not simply recite the elements of a cause of action,
10     > but must contain sufficient allegations of underlying facts to give fair
     > notice and to enable the opposing party to defend itself effectively.
11     > Second, the factual allegations that are taken as true must plausibly
     > suggest an entitlement to relief, such that it is not unfair to require the
12     > opposing party to be subjected to the expense of discovery and continued
     > litigation.

13

14  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

15     The court construes *pro se* pleadings liberally, particularly where civil rights are involved.

16  *Balistreri*, 901 F.2d at 699.  There are limits, however, to the liberal interpretation of a *pro se* complaint.

17  The court may not supply essential elements of a claim that are not included in the complaint.  *See Pena*

18  *v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  Even before *Twombly* and *Iqbal* decisions, "[v]ague and

19  conclusory allegations of official participation in civil rights violations [were] not sufficient to withstand

20  a motion to dismiss."  *Id.*

21                                    **ARGUMENT**

22  **I.     THE COMPLAINT DOES NOT STATE A CLAIM UNDER TITLE VII.**

23     Plaintiff's first claim is for race and sex discrimination under Title VII of the Civil Rights Act of

24  1964.  (ECF 1 at 4.)  Although plaintiff identifies his race as Caucasian and sex as male (ECF 1 at 29),

25  his complaint is otherwise bereft of any allegations that plausibly suggest he was subject to race or sex

26  discrimination.[1]  The complaint alleges nothing to support the inference that plaintiff's treatment was in

27

28     ───────────────
     [1] It does not appear that plaintiff pursued a race discrimination theory in his EEOC appeal, as it
     was not one of his contentions of error on appeal.  (ECF 1 at 30.)

any way motivated by his race.  The complaint does not make any factual allegations of direct

discrimination, such as a derogatory comment about plaintiff's race by his supervisor.  *See Vasquez v.*

*County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003).  Nor does the complaint allege facts sufficient

to support an inference of discrimination, such that similarly-situated individuals of other races were

treated more favorably than plaintiff.  *See Knox v. Donahoe*, No. C-11-2596 EMC, 2012 WL 949030, at

*7 (N.D. Cal. March 20, 2012) (dismissing Title VII complaint that was similarly without plausible

allegations of discriminatory intent).  Without such allegations, plaintiff cannot state a claim of race and

sex discrimination, and his Title VII claim must be dismissed.  *See Lacayo v. Donahoe*, No. 14-CV-

04077-JSC, 2015 WL 993448, at *17 (N.D. Cal. Mar. 4, 2015) (dismissing Title VII claim where

complaint failed to contain factual allegations of discrimination).

## II.   FEDERAL EMPLOYERS, LIKE THE USPS, ARE NOT SUBJECT TO THE ADA.

Plaintiff's next purports to bring a claim under the ADA.  But, the ADA does not apply to

employees of the federal government because the federal government is not considered an "employer"

under the ADA.  *See* 42 U.S.C. § 12111(5)(B)(i) (specifically excluding the United States from the

definition of "employer").  The Ninth Circuit has held that Section 501 of the Rehabilitation Act, 29

U.S.C. § 791, provides the exclusive remedy for federal employees, including USPS employees,

claiming discrimination based on disability.  *See Johnston v. Horne,* 875 F.2d 1415, 1420-21 (9th Cir.

1989), overruled on other grounds, *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990); *Boyd v. U.S.*

*Postal Serv.,* 752 F.2d 410, 413 (9th Cir. 1985).  Thus, plaintiff's disability discrimination claim under

the ADA must be dismissed.

## III.   THE COMPLAINT FAILS TO STATE A CLAIM OF DISPARATE TREATMENT DISABILITY DISCRIMINATION UNDER THE REHABILITATION ACT.

"Federal employees allege disability discrimination through Section 501 of the Rehabilitation

Act, 29 U.S.C. § 791, which incorporates the prohibition against such discrimination of the Americans

with Disabilities Act, 42 U.S.C. § 12111, among others."  *Lacayo*, 2015 WL 993448, at *15.  "To state a

prima facie case under the Rehabilitation Act, a plaintiff must demonstrate that (1) she is a person with a

disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her

disability."  *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007).  "Under the

1   Rehabilitation Act, a plaintiff has a disability if she 'has a physical or mental impairment which for such

2   individual constitutes or results in a substantial impediment to employment,' and 'can benefit in terms of

3   an employment outcome from vocational services.'" *Lacayo*, 2015 WL 993448, at *15 (citing 29

4   U.S.C. § 705(20)).

5          The Rehabilitation Act incorporates the standards of substantive liability set forth in the ADA.

6   *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003) (citing 29 U.S.C. § 791(g)); *see also Coons v. Sec'y

7   of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004). "According to the ADA, an individual is

8   disabled if that individual (1) has a physical or mental impairment that substantially limits one or more

9   of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as

10  having such an impairment." *Coons*, 383 F.3d at 884; 42 U.S.C. § 12102(1); *accord* 29 C.F.R.

11  § 1630.2(g). "The ADA defines a 'qualified individual' as an individual 'with a disability who, with or

12  without reasonable accommodation, can perform the essential functions of the employment position that

13  such individual holds or desires.'"  *Dark v. Curry County*, 451 F.3d 1078, 1086 (9th Cir. 2006)

14  (emphasis omitted).

15         Plaintiff fails to state a disability discrimination claim under the Rehabilitation Act for a number

16  of reasons.  First, although plaintiff alleges that he was diagnosed with Obsessive-Compulsive

17  Personality Disorder and Avoidant Personality Disorder in 1998 (ECF 1 at 5) and Asperberger's

18  Disorder at some unspecified time (ECF 1 at 8), he "fails to specify which condition was purportedly the

19  basis of a discriminatory employment action." *Lacayo*, 2015 WL 993448, at *15.  His complaint thus

20  "fails to comply with pleading standards."  *Id.* (citing *McKenna v. Permanente Med. Grp., Inc.*, 894 F.

21  Supp. 2d 1258, 1278 (E.D. Cal. 2012)).

22         In addition to identifying his purported disability, a Rehabilitation Act plaintiff must also allege

23  that he is a "qualified individual" who, with or without accommodation, is capable of performing the

24  essential functions of his job. *Jackson v. Napolitano*, No. CV-09-1822, 2010 WL 94110 at *5 (D. Ariz.

25  Jan. 5, 2010) (finding complaint insufficient where plaintiff "fail[ed] to identify the nature of his

26  physical or mental impairment and how that impairment substantially limits one or more of his major

27  life activities," and failed "to set forth any facts regarding the essential functions of the job and that he

28  was able to perform those specific functions, with or without [his employer's] reasonable

DEFENDANT'S MTD; MPA
No. 15-cv-03308 JSC                                                                                            7

1  accommodation").  Here, the complaint is devoid of any allegations that plaintiff was a "qualified

2  individual," the essential functions of his job, or that he could perform those essential functions with or

3  without a reasonable accommodation.  In that regard, plaintiff's complaint does not even identify what

4  the accommodation he purportedly sought is.

5       Finally, plaintiff fails to allege facts sufficient to support an inference that he was subject to an

6  adverse employment action ***because of*** his disability.  He does not allege, for example, that "other letter

7  carriers who held the same position but did not suffer from" a disability were treated more favorably.

8  *Lacayo*, 2015 WL 993448, at *16.  Without such factual allegations, plaintiff's disparate treatment claim

9  does not pass *Twombly* and *Iabal* muster.

10 **IV.    THE COMPLAINT DOES NOT STATE A CLAIM FOR FAILURE TO
             ACCOMMODATE UNDER THE REHABILITATION ACT.**

11

12      The complaint also attempts to bring a claim for failure to provide a reasonable accommodation

13 under the Rehabilitation Act.  This claim also fails.  "To state a prima facie case for failure to

14 accommodate a disability, a plaintiff must show that (1) she is disabled, (2) she is a qualified individual,

15 and (3) that a reasonable accommodation is possible."  *Lacayo*, 2015 WL 993448, at *17.  A

16 "reasonable accommodation" is defined as "[m]odifications or adjustments to the work environment, or

17 to the manner or circumstances under which the position held or desired is customarily performed, that

18 enable an individual with a disability who is qualified to perform the essential functions of that

19 position[.]"  29 C.F.R. § 1630.2(o)(ii).

20      This failure to accommodate claim suffers from many of the same deficiencies identified in

21 connection with the disparate treatment disability claim—failure to clearly identify the disability upon

22 which it is based, *McKenna*, 894 F. Supp. 2d at 1278; and failure to allege that plaintiff is a "qualified

23 individual" who, with or without accommodation, is capable of performing the essential functions of his

24 job.  *Jackson*, 2010 WL 94110 at *5.  "But equally problematic is that the [complaint] neither alleges

25 that Plaintiff requested an accommodation from [his] employer nor identifies what a reasonable

26 accommodation would be."  *Lacayo*, 2015 WL 993448, at *17; *see also Davis v. Safeway, Inc.*, No. C-

27 95-2759-VRW, 1996 WL 266128, at *6 (N.D. Cal. May 14, 1996) ("An employer's obligation to

28 accommodate an employee's disability is usually not triggered until a request for accommodation is

made."); *Foster v. City of Oakland*, No. C-08-01944 EDL, 2008 WL 3286968, at *2 (N.D. Cal. Aug. 5, 2008) ("[I]n general the employee with a disability bears the responsibility to inform the employer that an accommodation is needed."); *Anaya v. Marin Cty. Sheriff*, No. 13-CV-04090-WHO, 2014 WL 6660415, at *11 (N.D. Cal. Nov. 24, 2014) (dismissing failure to accommodate claim where complaint did not identify the specific reasonable accommodation needed and why it was needed); *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 232 (3d Cir. 2000) ("An employee can succeed under the Rehabilitation Act only if the employee can demonstrate that a specific, reasonable accommodation would have allowed her to perform the essential functions of her job."). The "claim that the Postal Service denied [plaintiff] a reasonable accommodation simply cannot proceed absent facts that plausibly support these elements." *Lacayo*, 2015 WL 993448, at *17.

## V.     THE COMPLAINT DOES NOT STATE A CLAIM FOR RETALIATION.

Finally, plaintiff attempts to bring a claim for retaliation. In order to state a claim for retaliation, a plaintiff must allege: (1) that he engaged in a protected activity; (2) that he was subsequently subjected to an adverse employment action; and (3) that a causal link exists between the two. *See Manatt v. Bank of America*, 339 F.3d 792, 800 (9th Cir. 2003). The complaint does not identify any prior protected activity, or when that activity took place. Nor does it allege facts tending to demonstrate that the retaliation claim is plausible, such as a close temporal connection between the protected activity and his termination.[2] *See, e.g., Clark County School Dist. v. Breenden,* 532 U.S. 268, 273 (2001) (per curiam) (temporal proximity must be "very close"); *Manatt* 339 F.3d at 802 (nine month gap too long to support inference of causation). As such, the retaliation claim must be dismissed.

---

[2] Plaintiff filed a substantial number of documents with his complaint. (ECF 1 at 6-34.) Even if these documents are considered part of the complaint's allegations, the retaliation claim is insufficiently pled. The only mention made of prior EEO activity is in plaintiff's representative, Mark Mindrup's, statement, in which Mr. Mindrup indicates that at a January 20, 2005 EEO mediation, Supervisor Jackie Suarez made the comment that she was "going to get Kian McCarthy." (ECF 1 at 27.) Even if one assumes this allegation is true, the statement was made nearly five years before plaintiff received the Notice of Termination. It is temporally stale. *See Manatt* 339 F.3d at 802 (nine month gap too long to support inference of causation). Nor does plaintiff allege that Supervisor Jackie Suarez was the decision-maker with respect to the Notice of Removal. Nor does plaintiff allege that "but for" the protected activity he would not have been terminated. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (retaliation plaintiff must show "that engaging in the protected activity was one of the reasons for his firing and that but for such activity he would not have been fired").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the Postmaster General respectfully requests that her motion to dismiss be granted.

DATED:  January 8, 2016                    Respectfully submitted,

                                           BRIAN J. STRETCH
                                           Acting United States Attorney

                                            /s/ *Wendy M. Garbers*
                                           WENDY M. GARBERS
                                           Assistant United States Attorney
                                           Attorneys for Defendant

## PROOF OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she is causing a copy of the following:

- **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

- **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

✓               **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____**CERTIFIED MAIL (#)** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____**BY PERSONAL SERVICE**

_____**BY FACSIMILE (FAX)**:  I caused each such document to be sent by facsimile to the person or offices of each addressee above.

_____**BY E-MAIL**:  I caused each such document to be sent by e-mail to the counsel below.

_____**BY FEDERAL EXPRESS**

**to the party(ies) addressed as follows:**

Kian R. McCarthy, Pro Se
279 Yerba Buena Ave.
San Francisco, CA 94127

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed January 8, 2016, at San Francisco, California.

By:     _/s/ Stephanie Mitchell_____
STEPHANIE MITCHELL
Legal Assistant