UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIAN R. MCCARTHY,<br><br>    Plaintiff,<br><br>  v.<br><br>MEGAN J. BRENNAN,<br><br>    Defendant. | Case No. 15-cv-03308-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND GRANTING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 26, 28, 29, 30, 35, 37, 38 |

Plaintiff Kian McCarthy ("Plaintiff"), proceeding pro se, brings this action against his former employer, the United States Postal Service ("Post Office"), through Postmaster General Megan J. Brennan ("Defendant") arising from the termination of his employment. His First Amended Complaint ("FAC") alleges causes of action for: (1) disability discrimination; (2) failure to accommodate; (3) retaliation; and (4) age discrimination. (Dkt. No. 26 at 1, 4-5.[1])

Now pending before the Court is Defendant's motion to dismiss Plaintiff's FAC. (Dkt. No. 30.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendant's motion to dismiss with leave to amend. Because Plaintiff failed to file a standalone, operative amended complaint and instead treated the FAC as an addendum to the original complaint, the FAC is unclear and makes it difficult for Defendant to respond fully; therefore, Defendant's motion for a more definite statement is GRANTED. Plaintiff's renewed motion for appointment of counsel, seeking a referral to the Federal Pro Bono Project (Dkt. No. 38) is GRANTED. The Court grants

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Plaintiff forty-five (45) days from the appointment of counsel to file a Second Amended
2  Complaint.

## BACKGROUND

The Court previously discussed the factual background of this case in a previous order and incorporates that discussion here.  (*See* Dkt. No. 25 at 2-4.)  Following the Court's dismissal of Plaintiff's initial Complaint with leave to amend, Plaintiff filed the FAC.  The FAC withdrew Plaintiff's prior claims for race, sex, and gender discrimination and instead makes the following claims: (1) disability discrimination under the Rehabilitation Act, Section 501, 29 U.S.C. § 791; (2) failure to accommodate under the Rehabilitation Act; (3) retaliation; and (4) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633a.[2]  (Dkt. No. 26.)  Notably, the FAC does not restate the allegations from Plaintiff's original Complaint; instead, Plaintiff appears to have treated the FAC as a supplement to his Complaint.  The FAC appears to provide more background information supporting his claims, including that his disability for purposes of the lack of accommodation claim is Asperger's Disorder.  (Dkt. No. 26 at 15.)  He has also attached 37 exhibits to the FAC, although they do not include the exhibits attached to the initial Complaint.[3]  (*See* Dkt. Nos. 26, 28, 29.)  Defendant moves to dismiss the FAC for a variety of different reasons.  (Dkt. No. 30.)

---

[2] In the FAC, Plaintiff identifies the following statutes and laws as relevant to his case: Title VII of the Civil Rights Act of 1964; the Rehabilitation Act of 1973; the Amended Americans with Disabilities Act of 2008; and the Lily Ledbetter Equal Pay Act of 2009.  (Dkt. No. 26 at 5.)  As before, the Court construes Plaintiff's disability-related causes of actions (1) and (2) as being brought under the Rehabilitation Act, as federal employees must bring disability discrimination claims exclusively through that Act.  (*See* Dkt. No. 25 at 12.)  Similarly, the Court construes Plaintiff's age discrimination claim (4) under the ADEA, as none of the other identified statutes protects against age discrimination.  (*See id.* at 11.)  With regards to Plaintiff's retaliation claim (3), the Court previously ordered Plaintiff to identify the statutory basis for his claim and the alleged prior protected activity that he engaged in (*id.* at 20); Plaintiff failed to do so in the FAC and must do so in his new amended complaint or risk having that claim dismissed with prejudice.
[3] The Court may consider documents attached to a complaint as a "part of the pleading for all purposes."  *See* Fed. R. Civ. P. 10(c); *see also Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978).  Moreover, in the context of employment discrimination cases, courts may judicially notice the administrative record of a plaintiff's claims before the EEOC.  *See, e.g.*, *Hsu v. Donohoe*, No. 5:13-cv-02253-PSG, 2014 WL 1153912, at *2 (N.D. Cal. Mar. 20, 2014).  In doing so, the court should only notice the existence of the administrative record and not credit the truth of any fact recounted or matter asserted in the documents.  *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1070 (N.D. Cal. 2010).

**DISCUSSION**

Defendant makes six separate arguments as to why Plaintiff's FAC should be dismissed: (1) the FAC is unclear and Plaintiff should be required to provide a more definite statement; (2) the FAC should be dismissed for lack of subject matter jurisdiction because Plaintiff does not allege administrative exhaustion in the FAC; (3) Plaintiff's claims based on pre-September 2010 events should be dismissed as time-barred; (4) Plaintiff's failure to accommodate claim should be dismissed because the FAC fails to establish a *prima facie* case; (5) Plaintiff's retaliation claim should be dismissed because the FAC fails to address the deficiencies that the Court previously identified; and (6) the claim for attorneys' fees should be dismissed because Plaintiff is appearing pro se. (Dkt. No. 30 at 2.)

**I.    Rule 12(e) Motion for a More Definite Statement**

Rule 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion should be granted when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response." *Brown v. Brown*, No. 13-03318 SI, 2013 WL 5947032, at *9 (N.D. Cal. Nov. 5, 2013) (citations omitted). The motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Comp., Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994)) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules."). If the complaint is specific enough to notify the defendant of the substance of the plaintiff's claim, a 12(e) motion should not be granted. *See QTL Corp. v.* Kaplan, No. C-97-20531 EAI, 1998 WL 303296, at *2 (N.D. Cal. Feb. 2, 1998); *see also San Bernardino Pub. Emps. Ass'n v. Stout*, 946 F.Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her.").

Plaintiff's FAC is too bare to enable Defendant to respond fully and properly or to proceed

3

to discovery, so a more definite statement is required. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). While the FAC caption and Paragraph 5(b) identify four causes of action, the remainder of the FAC consists of numerous factual recitations, 37 attached exhibits, and a prayer for relief. The FAC does not contain separate claims for relief that clearly indicate the factual basis for each particular cause of action and thus does not enable Defendant or the Court to understand the claims with any reasonable certainty. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (noting that the Federal Rules require separate counts "to enable the defendant to frame a responsive pleading"); *Powers v. AT&T*, No. 15-cv-01024-JSC, 2015 WL 5188714, at *4 (N.D. Cal. Sept. 4, 2015). Further, "the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect . . . ." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Plaintiff's failure to restate in the FAC many of the factual allegations and exhibits set forth in the Complaint means that Defendant does not know which factual allegations Plaintiff is still alleging and as to which causes of action.

The Court therefore GRANTS Defendant's motion for a more definite statement and GRANTS Plaintiff leave to file a Second Amended Complaint. The amended complaint must include a section that sets forth each cause of action and the factual basis therefor. The Second Amended Complaint itself must contain the relevant factual allegations and exhibits upon which Plaintiff relies, as the initial Complaint and FAC will no longer have any legal effect. *See Lacey*, 693 F.3d at 927. Because the Court is dismissing the entire complaint with leave to amend on this basis, it does not address Defendant's other arguments for dismissal.

## II.     Motion for Appointment of Counsel

The Court previously denied Plaintiff's initial motion for appointment of counsel because he had failed to provide sufficient justification. (Dkt. No. 7.) However, Plaintiff has since adequately shown that his case is appropriate for referral to a volunteer attorney for full representation. The Court therefore GRANTS Plaintiff's Motion for Appointment of Counsel and refers the case to the Federal Pro Bono Project for appointment of counsel. If an attorney can be found to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter until further order of the Court. Plaintiff shall file a Second Amended Complaint no later than

4

forty-five (45) days from the date an attorney is appointed to represent Plaintiff in this action.

**IT IS SO ORDERED.**

Dated: July 6, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIAN R. MCCARTHY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEGAN J. BRENNAN,<br><br>　　　　Defendant. | Case No.  15-cv-03308-JSC<br><br>**CERTIFICATE OF SERVICE** |

　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　That on July 6, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Kian R. McCarthy
279 Yerba Buena Avenue
San Francisco, CA 94127


Dated: July 6, 2016

　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　Ada Means, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　Honorable JACQUELINE SCOTT CORLEY

6